NICHOLS v. SOUTHERN OREGON CO.

(Circuit Court, D. Oregon. February 21, 1905.)

No. 2,845.

1. PUBLIC LANDS—GRANTS—CONDITIONS—CONVEYANCE—OBJECTIONS.

Act Cong. March 3, 1869, c. 150, 15 Stat. 340, granted certain lands to the state of Oregon in aid of military road construction, on condition that the lands should not be sold to any one person, except in quantities not greater than a quarter section, and at a price not exceeding $2.50 per acre. The succeeding year the state granted the lands in question to the road company in bulk, and by Act June 18, 1874, c. 305, 18 Stat. 80 [U. S. Comp. St. 1901, p. 1517], Congress authorized the issuance of patents to the state as fast as the lands should be selected and certified under the grant, under which act patents were issued to the road company for the

granted lands. *Held*, that under such circumstances the United States, and not a subsequent applicant to purchase, was the only authority entitled to object to the nonperformance of the conditions with reference to disposition of such lands.

2. SAME—LACHES.

Complainant, having permitted a long period of time to elapse, was barred by laches from maintaining a bill to compel defendant to convey a portion of the land to him on payment of the price specified in the grant.

Pipes & Tifft and E. B. Seabrook, for complainant.
Dolph, Mallory, Simon & Gearin, for defendant.

BELLINGER, District Judge. By the act of Congress approved March 3, 1869, c. 150, 15 Stat. 340, there was granted to the state of Oregon certain lands to aid in the construction of a military wagon road from Roseburg, in this state, to the navigable waters of Coos Bay. The grant contained this provision:

"Provided, further, that the grant of land hereby made shall be upon the condition that the lands shall be sold to any one person only in quantities not greater than one quarter section, and at a price not exceeding $2.50 per acre."

On the 22d day of October, 1870, the state of Oregon, by an act of its Legislature, granted the lands in question to the Coos Bay Wagon Road Company, and that company built the road in aid of which the lands were granted. Thereafter, and on June 18, 1874, Congress passed "An act to authorize the issuance of patents for lands granted to the state of Oregon, in certain cases" (Act June 18, 1874, c. 305, 18 Stat. 80 [U. S. Comp. St. 1901, p. 1517]), in terms as follows:

"Whereas certain lands have heretofore, by acts of Congress, been granted to the state of Oregon to aid in the construction of certain military wagon roads in said state, and there exists no law providing for the issuing of formal patents for said lands,

"Therefore, be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that in all cases when the roads in aid of the construction of which said lands were granted are shown by the certificate of the Governor of the state of Oregon, as in said acts provided, to have been constructed and completed, patents for said lands shall issue in due form to the state of Oregon as fast as the same shall, under said grants, be selected and certified, unless the state of Oregon shall by public act have transferred its interests in said lands to any corporation or corporations, in which case the patents shall issue from the General Land Office to such corporation or corporations upon their payment of the necessary expenses thereof: provided, that this shall not be construed to revive any land grant already expired, nor to create any new rights of any kind except to provide for issuing patents for lands to which the state is already entitled."

In pursuance of this act, patents were issued to the Coos Bay Wagon Road Company for the granted lands. The defendant company has succeeded to the title to 30,000 acres in one body of the lands so patented, through mesne conveyances to the Southern Oregon Improvement Company, and from that company through a sale by a master in chancery, and it has succeeded through mesne conveyances to the remainder of such lands.

It is contended for the plaintiff that the grant in question is in effect an offer to sell the granted lands, to aid in building the road mentioned, in quantities of not more than one quarter section to

any one person, at $2.50 per acre, and that the title acquired by the state was upon this trust; that the conveyance by the state of the lands in bulk was in violation of the trust which is impressed upon such lands in the hands of the defendant company, and that this trust will continue to exist until it is executed, in accordance with the terms of the granting act, by the sale of the granted lands in quantities to single purchasers of not more than 160 acres, and at a price not greater than $2.50 per acre. The plaintiff tenders $400 in payment for 160 acres of land included in the grant and particularly described, which land he alleges to be of a value in excess of $2,000, and he prays that the defendant be required, by a decree of this court, to execute and deliver to him a deed of conveyance for the lands for which tender is made.

The grant was not a law for the sale of the granted lands. It did not offer them for sale. That was left to the state, subject to restrictions as to the price at which they should be sold and the quantity that should be sold to any one person. These restrictions were mere incidents of the grant, mere regulations that the state was required to observe in selling the granted lands, at such time after they were earned as the state should conclude to sell them. The object to be accomplished in no wise depended upon them. Whatever rights existed in respect to these restrictions belonged to the United States. No interest was created in the complainant. He is not a beneficiary in the grant, and he has no standing to complain that the state has violated its conditions in the manner in which it has disposed of the granted lands. That is a matter that can only be taken advantage of by the United States. Furthermore, above 30 years ago Congress authorized patents to issue to the state or to any corporation or corporations to which it had transferred its interest, and patents have been issued to the state's grantees in pursuance of that law. It is not necessary to consider whether this act was a waiver by Congress of the conditions subsequent in the grant. The transfer by the state and the several subsequent transfers were open disavowals of the trust relied upon, if it can be made out that there was such a trust. This great lapse of time is a complete bar to the recovery prayed for. When the bill shows upon its face that the plaintiff, by reason of lapse of time and of his own laches, is not entitled to the relief prayed for, the objection may be taken by demurrer.

The demurrer to the bill is sustained.